(Reap. Dec. 9223)

UNITED STATES *v.* I. R. WEBB FOR ACCOUNT OF
FARMERS UNION ELEVATOR COMPANY

Entry No. 2–J.

(Decided September 16, 1958)

*George Cochran Doub*, Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the plaintiff.

Defendant not represented by counsel.

FORD, Judge: The appeal listed above involves the proper dutiable value of certain merchandise entered as "Northern Redman Wheat Seed, for Seeding purposes only. 'Unfit for human consumption,'" at a total value of $3,006, which was the appraised value. Plaintiff herein claims that the wheat is in fact Selkirk wheat seed with a value of $5 Canadian currency per bushel.

When this appeal was called for hearing, there was no appearance by the defendant either in person or by attorney.

In order to establish the proper dutiable value, plaintiff called Mr. John Hansen the appraiser of merchandise for district 34, which includes the port of Pembina, N. Dak., and the subport of Sherwood, N. Dak., where the involved merchandise was entered on or about March 29, 1955. The witness testified that he is familiar with the wheat involved herein and wheat in general, having appraised approximately 7 million bushels; that, based upon his experience, 400 bushels is the usual wholesale quantity; that, in his opinion, based upon his experience and investigation, the involved merchandise was freely offered for sale to all purchasers for home consumption in the principal market of Winnepeg, Canada, in the usual wholesale quantity and in the ordinary course of trade at $5 Canadian currency per bushel. The witness further testified that the price of said wheat for exportation to the United States was not higher.

Based upon the evidence, I find as a matter of fact:

1. That certain Selkirk seed wheat was exported from Canada on or about March 29, 1955.

2. That said merchandise was freely offered for sale for home consumption to all purchasers in the principal market of Winnepeg, Canada, in the usual wholesale quantity and in the ordinary course of trade on or about March 29, 1955, the date of exportation herein at $5 Canadian currency per bushel.

3. That the export value as defined in section 402 (d) of the Tariff Act of 1930 was not higher.

I conclude as a matter of law:

1.   That the foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise involved herein.

2.   That such value is $5 Canadian currency per bushel.

Judgment will be rendered accordingly.